DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/31/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\* Electronic Case Filing

JENNIFER LASTRA,

    Plaintiff,

- against -

NEW YORK STATE, NEW YORK STATE OFFICE OF MENTAL HEALTH, ANN MARIE T. SULLIVAN, individually and in her official capacity, and PAUL BURKE, individually,

    Defendants.

17-CV-4796 (AKH) (JCF)

STIPULATION OF DISMISSAL, SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL WITH PREJUDICE

This Stipulation of Dismissal, Settlement Agreement, General Release, and Order of Dismissal with Prejudice ("Settlement Agreement") is made by and between plaintiff Jennifer Lastra ("Plaintiff") and defendants New York State (the "State") and the New York State Office of Mental Health ("OMH") (collectively "State Defendants") as follows:

WHEREAS, Plaintiff commenced this action by filing a complaint on June 26, 2017 ("Complaint"), and in the Complaint asserted claims against the State, OMH, Ann Marie T. Sullivan, Commissioner of OMH, in her individual and official capacities ("Commissioner Sullivan"), and Paul Burke ("Burke") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a); the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 296(1)(a), 296(6), and 296(7); the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-107(1)(a), 8-107(1)(e), 8-107(6), 8-107(13), and 8-107(19); the New York City Victims of Gender-Motivated Violence Protection Act ("GMVPA"), N.Y.C. Admin. Code § 8-901, et seq.; 42 U.S.C. § 1983; and common law assault and battery and intentional infliction of emotional distress; and

WHEREAS, on October 23, 2017, the State, OMH, and Commissioner Sullivan moved to dismiss the Complaint in its entirety; and

WHEREAS, by Order dated January 24, 2018, the Court granted in part and denied in part

the motion to dismiss; and

WHEREAS, in its January 24, 2018 Order, the Court dismissed all claims against Commissioner Sullivan, in both her individual and official capacities; and

WHEREAS, in its January 24, 2018 Order, the Court dismissed all claims against the State and OMH with the exception of Plaintiff's Title VII hostile work environment claim, and directed Plaintiff to file an amended complaint consistent with the Order; and

WHEREAS, on February 6, 2018, Plaintiff filed a First Amended Complaint ("FAC"), and in the FAC asserted a hostile work environment claim against the State and OMH pursuant to Title VII, and asserted claims against Burke pursuant to the NYSHRL, the NYCHRL, 42 U.S.C. § 1983, the GMVPA, and common law; and

WHEREAS, the claims and allegations in the Complaint and the FAC, together with all related filings and proceedings, constitute "the Action"; and

WHEREAS, State Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

WHEREAS, Plaintiff and State Defendants desire to fully resolve all claims between them and any and all other disputes between them, whether known or unknown, asserted or unasserted, without further litigation before any court or other forum, and without admission of fault or liability; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement, with the exception of Burke, has an interest in the subject matter of the Action; and

WHEREAS, Plaintiff represents and warrants that, other than the Action, she has no action or proceeding in any court, state or federal, arising out of or relating to the subject matter of the Action;

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, Plaintiff and State Defendants hereby stipulate and agree as follows:

1. **Dismissal of the Action with Prejudice.** The Action, and all claims asserted in it against State Defendants and Commissioner Sullivan, are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 of this Settlement Agreement.

2. **Payment to Plaintiff and Payment to Plaintiff's Attorneys.** In full consideration of Plaintiff's execution of this Settlement Agreement, her agreement to be bound by its terms, and her undertakings as set forth herein including, but not limited to, the dismissal of the Action against State Defendants and Commissioner Sullivan with prejudice, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State, on behalf of State Defendants, shall pay to Plaintiff the gross amount of Twenty-Five Thousand Dollars ($25,000.00) in full and complete satisfaction of all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against State Defendants, together with all of their present and former departments, divisions, offices, agencies, principals, officers, directors, members, trustees, shareholders, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities, arising out of any and all conduct, acts, or omissions prior to, up to, and including the date of this Settlement Agreement, including, but not limited to, those asserted in the Action, with the exception of any claims asserted in the Action against Burke relating to or arising from any act or omission of Burke. The aforementioned payment shall be made as follows:

    a. The State shall pay to Plaintiff, by check made payable to "Jennifer Lastra," the gross sum of Thirteen Thousand Five Hundred and Thirty Dollars and Twenty-Three Cents

3

($13,530.23), for which an I.R.S. Form 1099 shall be issued to Plaintiff, in full and complete satisfaction of any and all claims for compensatory damages (including, without limitation, pain and suffering, mental and emotional anguish and trauma, punitive damages, and liquidated damages). The foregoing payment shall be sent c/o Kelly O'Connell, Esq., to Derek Smith Law Group, PLLC, One Penn Plaza, Suite 4905, New York, NY 10119.

b. The State shall pay to Plaintiff's counsel, by check made payable to Derek Smith Law Group, PLLC, the gross sum of Ten Thousand Dollars and Zero Cents ($10,000.00), for which an I.R.S. Form 1099 shall be issued, as a grant of attorneys' fees and in full and complete satisfaction of any and all claims for attorneys' fees incurred by Plaintiff for any and all counsel who have at any time represented Plaintiff in the Action as well as in connection with any other proceeding, administrative, judicial, or otherwise, including, but not limited to, any proceeding before the United States Equal Employment Opportunity Commission ("EEOC") and/or the New York State Division of Human Rights ("NYSDHR"), and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Complaint, the FAC, or the Action. The foregoing payment shall be sent to Kelly O'Connell, Esq., Derek Smith Law Group, PLLC, One Penn Plaza, Suite 4905, New York, NY 10119.

c. The State shall pay to Plaintiff's counsel, by check made payable to Derek Smith Law Group, PLLC, the gross sum of One Thousand Four Hundred and Sixty-Nine Dollars and Seventy-Seven Cents ($1,469.77), for which an I.R.S. Form 1099 shall be issued, as a grant of costs, disbursements, and expenses and in full and complete satisfaction of any and all claims for costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have at any time represented Plaintiff in the Action as well as in connection with any other proceeding, administrative, judicial, or otherwise, including, but not limited to, any proceeding before the EEOC and/or the NYSDHR, and any other claim or action alleging any of the acts, transactions,

4

occurrences, or omissions asserted in the Complaint, the FAC, or the Action. The foregoing payment shall be sent to Kelly O'Connell, Esq., Derek Smith Law Group, PLLC, One Penn Plaza, Suite 4905, New York, NY 10119.

3. **State Approval of Payment.** The payments referenced in Paragraph 2 of this Settlement Agreement are subject to the approval of all appropriate state officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and her attorney agree to promptly execute and deliver all necessary or appropriate vouchers and other documents requested with respect to obtaining such approval and effectuating payment.

4. **Accrual of Interest.** In the event that the payments referenced in Paragraph 2 of this Settlement Agreement have not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General of a "So Ordered" copy of this Settlement Agreement entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3, 6, and 7 of this Settlement Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred and twenty-first (121st) day. In the event the Court does not "So Order" this Settlement Agreement, interest on any part of the sum not paid by the one hundred twentieth (120th) day shall begin to run on the one hundred twenty-first (121st) day after receipt by the Office of the Attorney General of all documentation required under Paragraphs 3, 6, and 7 of this Settlement Agreement.

5. **Liability of the Plaintiff for Taxes.** Any taxes, or interest or penalties on taxes, on the payment referred to in Paragraph 2 of this Settlement Agreement shall be the sole and complete responsibility of Plaintiff (or her attorney respectively, for fees paid to said attorney), and Plaintiff and her attorney shall have no claim, right, or cause of action against State Defendants or any of their offices, agencies, departments, divisions, or subdivisions on account of such taxes, interest,

5

or penalties. In the event that any taxing authority or any other federal, state, or local government, administrative agency, or court issues a final determination that State Defendants or any of their offices, agencies, departments, divisions, or subdivisions are liable for the failure of Plaintiff (or her attorney for any attorneys' fees hereunder) to pay federal, state, or local income, or other taxes or withholdings with respect to any portion of the payment referred to in Paragraph 2, or are liable for interest or penalties related thereto, Plaintiff agrees to reimburse and indemnify State Defendants and any of their offices, agencies, departments, divisions, or subdivisions for such liability with respect to any portion of the payment referred to in Paragraph 2, so long as Plaintiff has been provided with notice of any such claim or proceeding promptly following receipt of notice of such claim or proceeding by State Defendants and/or the State of New York.

6. **Medicare Certification.** Plaintiff represents and warrants that she is not currently a recipient of Medicare, but Plaintiff anticipates that she will be eligible for Medicare within thirty (30) months of this settlement. Plaintiff agrees to notify Medicare and obtain a Conditional Payment Letter and Final Demand Letter for medical treatment and/or prescription medication paid by Medicare relating to any injuries alleged in this Action. Plaintiff acknowledges and understands that a Medicare Set-Aside Trust may also be required, pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26, if future anticipated medical costs in connection with the Action are found to be necessary and in accordance with the Medicare Affidavit.

Plaintiff agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as Exhibit A ("Medicare Affidavit"), to the Office of the Attorney General. Plaintiff acknowledges and understands that receipt of this document by the Office of the Attorney General is a prerequisite to payment of the settlement amounts referenced in Paragraph 2, and that this document falls within the category of "other documentation" described in Paragraphs 3 and 4.

7. **Liability of Plaintiff for Any Medicare Payments and/or Liens.** Plaintiff agrees to defend, indemnify, and hold harmless State Defendants and any and all of their offices, agencies, departments, divisions, and subdivisions, and their officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied, State Defendants reserve the right to issue a multi-party settlement check, naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter. Upon receipt of all required documentation under Paragraphs 3, 4 and 6, payment of the settlement amounts referenced in Paragraph 2 shall be made in accordance with the terms set forth herein.

8. **Responsibility of Plaintiff for Liens and Setoffs.** Plaintiff agrees that neither State Defendants, nor any of their offices, agencies, departments, divisions, subdivisions, or current or former officials, employees, or agents, whether in their individual or official capacities, shall be responsible for the satisfaction of liens or the payment of setoffs of any kind (including, but not limited to, any and all unemployment benefits, workers' compensation, tax, or child support liens) which may attach to the settlement amounts specified in Paragraph 2 of this Settlement Agreement. Plaintiff shall have no claim, right, or cause of action against State Defendants or any of their offices, agencies, departments, divisions, subdivisions, or current or former officials, employees, or agents, whether in their individual or official capacities, on account of such liens or setoffs.

9. **General Release in Favor of State Defendants.** For and in consideration of the payments referenced in Paragraph 2 of this Settlement Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of herself, her heirs, executors, administrators, successors, and assigns (collectively "the Releasing Party"), hereby

7

releases and forever discharges State Defendants, together with all of their present and former principals, officers, directors, members, trustees, shareholders, employees, agents, attorneys, insurers, offices, agencies, departments, divisions, subdivisions, subsidiaries, heirs, administrators, and assigns, individually and in their official capacities (collectively "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Party ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement, including, but not limited to: (a) any and all claims regarding or arising out of the claims, causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Complaint, the FAC, or the Action; (b) any and all claims regarding or arising directly or indirectly from Plaintiff's employment and/or association or interaction with any of the Released Parties or the terms and conditions of her employment and/or association with any of the Released Parties; (c) any and all claims of harassment, hostile work environment, retaliation, or discrimination based upon disability, age, race, color, national origin, ancestry, religion, marital status, sex, sexual orientation, citizenship, military service, or medical condition; (d) any and all claims under federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders, including, but not limited to, claims pursuant to 42 U.S.C. §§ 1981-1988, Title VII, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., the Family and Medical Leave Act of 1993, 29 U.S.C. § 2611, et seq.,

the NYSHRL, the NYCHRL, the United States Constitution, the New York State Constitution, the New York City Charter, and any other federal, state, or local law; (e) any and all claims of retaliation for participation in a protected activity and/or engaging in any activity protected under any federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders; (f) any and all claims for salary, bonuses, severance pay, vacation pay, sick pay, incentive pay, or other compensation, or any non-vested retirement, pension, or savings plan benefits; (g) any and all grievances pursuant to any applicable collective bargaining agreement; and (h) any and all other claims, whether for moneys owed, damages (including, but not limited to, claims for equitable relief, compensatory, punitive, or other damages), breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, tortious interference with contract, tortious interference with business relations, tortious interference with prospective contractual relations, tortious interference with prospective business relations, violation of public policy, wrongful or constructive discharge, or any other tort, or any claim for costs, fees, or other expenses, including attorneys' fees, or any other claims under federal, state, or local law relating to employment, discrimination, retaliation, compensation, benefits, retirement, or otherwise. Except for the rights and obligations set forth in this Settlement Agreement, this release also includes a waiver and release of any and all claims related to allegations made before the EEOC, the United States Department of Justice, the NYSDHR, and/or the New York City Commission on Human Rights, as well as any and all claims against the State, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement. This release applies to any and all claims relating to or arising from the allegations in the Action, with the exception of any claims asserted in the Action against Burke relating to or arising from any act or omission of Burke.

9

Nothing in this agreement shall affect any claim or entitlement to (1) workers' compensation benefits or (2) any retirement or pension plan benefits.

10. **No Other Action Commenced.** Other than the Action, Plaintiff represents that she has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is currently pending against State Defendants, the State of New York, or any of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, offices, agencies, departments, divisions, subdivisions, subsidiaries, heirs, administrators, and assigns, personally and in their official capacities, on Plaintiff's own behalf or on behalf of any other person, or on behalf of or as a member of any alleged class of persons, and that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and Plaintiff acknowledges that this representation constitutes a material inducement for State Defendants to enter into this Settlement Agreement.

11. **Waiver of Attorney's Lien.** For and in consideration of the payments referenced in Paragraph 2 of this Settlement Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, the undersigned attorney for Plaintiff does hereby release and waive any lien for services upon the above-named Plaintiff's causes of action, claims, verdict, report, judgment, determination, or settlement in favor of said Plaintiff which the undersigned attorney has thereon and by virtue of §§ 475 and 475-a of the New York Judiciary Law or otherwise.

12. **No Other Attorney.** Plaintiff further represents that other than Kelly O'Connell and Derek Smith Law Group, PLLC, One Penn Plaza, Suite 4905, New York, NY 10119, there are no other attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of §§ 475 and 475-a of the New York Judiciary Law or otherwise in the Action, or in any other action or

judicial or administrative proceeding alleging any of the acts, transactions, occurrences, or omissions asserted in the Action. Plaintiff further agrees to indemnify and hold harmless State Defendants from any liability or claims for attorneys' fees, or disbursements incurred by Plaintiff in the Action or in connection with any other proceeding, administrative, judicial, or otherwise, including, but not limited to, any other claim or action by Plaintiff alleging any of the acts, transactions, occurrences, or omissions asserted in the Action.

13. **No Prevailing Party.** Neither Plaintiff nor State Defendants shall be deemed a "prevailing party" for any purpose, including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

14. **Binding Effect on Successors and Assigns.** The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

15. **Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

16. **Voluntary Agreement.** Each of the parties hereto executes and delivers this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that she, he, or it understands its terms, contents, and effect. Each of the parties hereto acknowledges that he, she, or it is aware, and is advised, of his, her, or its right to seek the advice of an attorney and that he, she, or it has been represented by counsel of his, her, or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

17.     **Negotiated Agreement.** The parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

18.     **No Admission of Liability.** Nothing contained herein shall constitute an admission by State Defendants that they deprived Plaintiff of any right or failed to perform any duty under the constitutions, statutes, rules, regulations, or other laws of the United States or the State of New York. It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement Agreement and the actions taken and payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of State Defendants, the State of New York, or any of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, offices, agencies, departments, divisions, subdivisions, subsidiaries, heirs, administrators, and assigns, personally and in their official capacities; and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, custom, or practice of State Defendants, the State of New York, or any of their offices, agencies, departments, divisions, subdivisions, officials, employees, or agents, whether in their individual or official capacities.

19.     **No Precedential Value.** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding. This Settlement Agreement shall have no precedential value or effect whatsoever and shall not be admissible in any action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce this Settlement Agreement. In addition,

notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop State Defendants or any of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, offices, agencies, departments, divisions, subdivisions, subsidiaries, heirs, administrators, and assigns, in their individual or official capacities, in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

20. **Governing Law.** The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to the release and waiver of federal claims pursuant to this Settlement Agreement.

21. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

22. **Severability.** With the exception of Paragraphs 1, 3, 6, and 9 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

23. **Headings**. The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

24. <u>Submission to the Court.</u> Upon signature by all parties, this Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

25. <u>Counterparts.</u> This Settlement Agreement may be executed in any number of counterparts and by facsimile or electronic signature, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date "So Ordered" by the Court.

**[The remainder of this page is intentionally left blank]**

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date "So Ordered" by the Court

Dated: New York, New York
~~April 1st, 2018~~
May

_____
Jennifer Lastra, Plaintiff

STATE OF NEW YORK
COUNTY OF New York

On May 1, 2018, before me, the undersigned, a Notary Public in and for _____, personally appeared JENNIFER LASTRA, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

CHRISTINA E. GIORGIO
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GI6265864
Qualified in Bronx County
My Commission Expires ~~July 16, 2016~~
Sept 12, 2020

15

Dated: New York, New York
~~April 1, 2018~~
May

                                DEREK SMITH LAW GROUP, PLLC
                                Attorney for Plaintiff

                                By. _____
                                Kelly O'Connell
                                One Penn Plaza, Suite 4905
                                New York, NY 10119
                                (212) 587-0760

Dated: New York, New York
~~April 1, 2018~~
May

                                ERIC T. SCHNEIDERMAN
                                Attorney General of the State of New York
                                Attorney for State Defendants

                                By. _____
                                Steven G. Morris
                                Assistant Attorney General
                                28 Liberty St.
                                New York, NY 10005
                                (212) 416-8105

SO ORDERED   5/31/18

_____
HON. ALVIN K. HELLERSTEIN, U.S.D.J.